UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HENSON PATRIOT LIMITED COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> ANDREW MEDINA, CLARA ) <br> CALDERAS MEDINA, CALDERAS ) <br> CUSTOM PRINTING, LLC, SOUTH ) <br> TEXAS DIGITAL, LP, and MARCEL ) <br> MUSAKAWA, ) <br> ) <br> Defendants. ) | Civil Action No.  SA-14-CA-534-XR |

**ORDER**

On this date, the Court considered Defendants' Motion Pursuant to Rule 12(b)(6) (docket no. 18) and Motion for a More Definite Statement (docket no. 19).  After careful consideration, the Court denies in part, grants in part, and dismisses as moot in part the motion to dismiss under Rule 12(b)(6) and dismisses as moot the motion for a more definite statement.

**Background**

Plaintiff Henson Patriot Limited Company filed its Original Complaint against Defendants on June 12, 2014, asserting claims for common-law unfair competition, breach of contract and covenant not to compete based on the sale of a business, misappropriation of trade secrets, tortious interference with a contractual relationship, civil conspiracy, breach of fiduciary duty, unjust enrichment, and violations of the Lanham Act.  On July 9, Defendants filed a motion to dismiss under Rule 12(b)(6) and a motion for more definite statement.  Defendants also filed an answer subject to their pending motions.  On July 23, Plaintiff filed a response to the motions and a First Amended Complaint.

-1-

## Analysis

**Motion for More Definite Statement**

Defendants filed a motion for more definite statement, but also filed an answer subject to their motion. Rule 12(e) provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must point out the defects complained of and the details desired. Rule 8(a) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A lack of specific details does not necessarily render a claim "so vague or ambiguous that the party cannot reasonably prepare a response." Despite filing the motion for more definite statement, Defendants did file an Answer, indicating that Defendants could reasonably prepare a response.[1] Further, Plaintiff has now filed a First Amended Complaint. Accordingly, Defendants' motion for more definite statement is DISMISSED AS MOOT.

**Motion to Dismiss under Rule 12(b)(6)**

Defendants make three arguments in this motion. First, that "Texas law does not provide for an independent cause of action for unjust enrichment." Second, that "a claim of civil conspiracy cannot be based on an alleged conspiracy to breach a contract; rather, the conspiracy must be to commit a tort." And third, that no fiduciary relationship exists to support Plaintiff's claim for breach of fiduciary duty.

### A. Unjust Enrichment

Defendants argue that "Texas law does not provide for an independent cause of action for unjust enrichment," citing *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 832 (Tex. App.–Fort Worth 2006), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007). A close reading of *Friberg-Cooper* indicates that it does not support dismissal of Plaintiff's unjust enrichment claim without further analysis, however. The court noted that courts "focus on the facts alleged and the recovery sought to categorize an action [for unjust enrichment] as one for money had and received or for restitution." *Id.* at 832. The fact that a plaintiff "did not use the magic words 'money had and received' as the basis for asserting that [the defendant] was unjustly enriched is not

---

[1] If a motion for more definite statement is filed, the answer is not due until 14 days after the more definite statement is served. FED. R. CIV. P. 12(a)(4)(B).

fatal." *Id.* Defendants' motion fails to discuss whether Plaintiff has stated a claim under the analysis in *Friberg-Cooper*.

Further, although some Texas courts of appeals have held that "unjust enrichment is not a distinct independent cause of action but simply a theory of recovery," *see Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.–Corpus Christi 2002, pet. denied) (citing cases), they also recognize that "[w]hile 'unjust enrichment' is not per se a cause of action, an action for restitution, or seeking the imposition of a constructive trust, may lie on the legal theory of unjust enrichment." *Id.*

The First Court of Appeals has expressly held that "unjust enrichment is an independent cause of action." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.–Houston [1st Dist.] 2013, no pet.); *see also Cristobal v. Allen*, No. 01-09-00126-CV, 2010 WL 2873502 at *6 n.1 (Tex. App.–Houston [1st Dist.] July 22, 2010, no pet.) (noting the disagreement among the courts of appeals). In addition, the Texas Supreme Court has referred to a "cause of action" for unjust enrichment. *See, e.g.*, *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998); *see also ED &F Man Biofuels Ltd v. MV FASE*, 728 F. Supp. 2d 862 (S.D. Tex. 2010) ("The Texas Supreme Court has spoken of a 'cause of action' for unjust enrichment and still refers to 'claims for unjust enrichment.'"). *But see Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539 (N.D. Tex. 2009) (noting that the courts finding no independent cause of action have construed the Texas Supreme Court's language as "simply a reiteration of the well established principle that a suit for restitution may be raised against a party based on the theory of unjust enrichment") (quoting *Mowbray*, 76 S.W.3d at 680 n.25).

Considering this legal landscape, Defendants' motion to dismiss this claim fails to identify contrary authority and fails to adequately brief the issue. The motion to dismiss the unjust enrichment claim is denied without prejudice to re-urging upon proper briefing and analysis.[2]

---

[2] The Court further notes that Plaintiff's response lists the elements of a cause of action for unjust enrichment as set forth in *Schlesinger v. Herzog*, 2 F.3d 135, 141-42 (5th Cir. 1993). However, that case involved Louisiana law, and thus has no bearing on the existence of or elements of a cause of action for unjust enrichment under Texas law. Nor does that case determine whether Plaintiff has stated a claim for unjust enrichment. If Defendants re-urge their motion via Rule 12(c) or Rule 56, Plaintiff should be prepared to respond with cases and analysis applying Texas law.

### B. Civil Conspiracy

Defendants argue that Plaintiff fails to state a claim of civil conspiracy because civil conspiracy cannot be based on an alleged conspiracy to breach a contract. Therefore, Defendants state, "to the extent Plaintiff's conspiracy claim is based on an agreement or combination to breach a contract," Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff asserts that Defendants' motion is frivolous because Plaintiff did allege the tort claims of misappropriation of trade secrets and tortious interference. However, Defendants are not arguing that Plaintiff did not allege any torts. Rather, Defendants assert that, *to the extent Plaintiff alleges a conspiracy to breach a contract*, Plaintiffs fail to state a claim.

Language in the Original and First Amended Complaint states that Andrew Medina, Clara Calderas Medina, and Marcel Musakawa "conspired together to breach Andrew Medina's contract with the Plaintiff and steal Plaintiff's trade secrets, including client lists and customer information." First Am. Compl. ¶ 217; Compl. ¶ 189. The Fifth Circuit has recognized that "a conspiracy to breach a contract is not actionable under Texas law." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir. 2003); *see also Williams v. Federal Nat'l Mortg. Ass'n*, No. 2:11-CV-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb. 13, 2012) ("Conspiracy for breach of contract is not actionable under Texas law because there is no underlying tort."). Therefore, to the extent Plaintiff is alleging a conspiracy to breach a contract, the claim fails and the motion to dismiss is GRANTED. However, Plaintiff's response also states that Plaintiff alleges that Defendants engaged in a conspiracy to commit the torts of misappropriation of trade secrets and tortious interference. Those claims remain pending.

### C. Breach of Fiduciary Duty

Defendants argue that Plaintiff fails to state a claim for breach of fiduciary duty because no relationship existed between Plaintiff and Defendants that would give rise to a fiduciary duty. In response, Plaintiff has voluntarily dismissed this claim and it is not included in the Plaintiff's First Amended Complaint. Accordingly, the motion to dismiss this claim is DISMISSED AS MOOT.

**Conclusion**

Defendants' motion for more definite statement (docket no. 19) is DISMISSED AS MOOT.

Defendants' motion to dismiss under Rule 12(b)(6) (docket no. 18) is GRANTED IN PART (on the conspiracy to breach contract claim), DENIED IN PART WITHOUT PREJUDICE TO RE-URGING (on the unjust enrichment claim), AND DISMISSED AS MOOT IN PART (on the breach of fiduciary duty claim).

It is so ORDERED.

SIGNED this 30th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE